UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID M.,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner,<br>Social Security Administration,<br>Defendant. | C.A. No. 26-cv-050-JJM-PAS |

**ORDER**

Plaintiff David M. brings this action pursuant to 42 U.S.C. § 405(g), seeking to reverse the decision of the Commissioner of the Social Security Administration ("the Commissioner"), in which he denied David's benefits under Title II of the Social Security Act. ECF No. 13. In response, the Commissioner moves this Court to affirm his decision. ECF No. 15. After a thorough review of the record, and for the reasons stated below, the Court DENIES David's Motion to Reverse and GRANTS the Commissioner's Motion to Affirm.

## I. BACKGROUND

The Administrative Law Judge ("ALJ") found that David, 47-years old, had the severe impairment of anxiety, depression, obsessive-compulsive disorder, and autism, and several non-severe impairments such as sleep issues. That said, he determined that the impairments did not meet or equal the severity of any listed impairment. The ALJ assessed David's residual functional capacity ("RFC") as being able to perform at all exertional levels but with the following non exertional limitations:

occasionally interact with coworkers and the public and can tolerate simple changes in a routine work setting. The ALJ determined that although David could not perform his past work as a lot attendant, he could perform other work and therefore he was not disabled. David appealed the ALJ's decision to the Appeals Council, which denied the appeal. David timely filed this appeal seeking reversal of the Commissioner's decision.

## II. STANDARD OF REVIEW

"The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The Court "must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support [their] conclusion." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222-23 (1st Cir. 1981) (citing *Consol. Edison Co.*, 305 U.S. at 229). If substantial evidence supports the Commissioner's decision, the Court should affirm it, "even if the record arguably could justify a different conclusion ...." *Rodriguez Pagan v. Sec'y of Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (citing *Lizotte v. Sec'y of Health & Hum. Servs.*, 654 F.2d 127, 128 (1st Cir. 1981)). That said, the ALJ's findings are "not

conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

As a final note, "[t]he First Circuit has stated that courts should ensure 'a just outcome' in Social Security disability claims." *Santa v. Astrue*, 924 F. Supp. 2d 386, 391-92 (D.R.I. 2013) (quoting *Pelletier v. Sec'y of Health, Educ. & Welfare*, 525 F.2d 158, 161 (1st Cir. 1975)). "[T]he Social Security Act is to be construed liberally to effectuate its general purpose of easing the insecurity of life." *Rodriguez v. Celebrezze*, 349 F.2d 494, 496 (1st Cir. 1965) (citing *Page v. Celebrezze*, 311 F.2d 757 (5th Cir. 1963)).

## III. APPLICABLE LAW

The law defines disability as the inability to do any substantial gainful activity because of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. § 416.905. The impairment must be severe, making the claimant unable to do previous work, or any other substantial gainful activity in the national economy. 42 U.S.C. § 1382c(a)(3)(B); 20 C.F.R. §§ 416.905-11.

In evaluating an initial disability claim, the ALJ must follow a five-step process. *See* 20 C.F.R. §§ 416.920(a)(4)(i)-(v).[1] The claimant bears the burden of proof

[1] First, if a claimant is working at a substantial gainful activity, they are not disabled. Second, if a claimant does not have any impairment or combination of impairments, which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404,

at Steps One through Four, but the Commissioner bears the burden at Step Five. *Sacilowski v. Saul*, 959 F.3d 431, 434 (1st Cir. 2020). At Step Five here, the ALJ determined that David did not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments and then determined that he had the RFC to perform a full range of work at all exertional levels with certain exceptions. The ALJ concluded that he was not disabled because, based on his age, education, work experience, RFC, and the testimony of a vocational expert, he could work jobs such as a counter supply worker, floor waxer, and hand packager and those jobs exist in significant numbers in the national economy.

## III. DISCUSSION

The Court focuses its review on David's two claims of error:[2] whether the ALJ properly assessed David's subjective statements and complaints when the ALJ found

---

Subpart P, Appendix 1, he is disabled. Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work in the national economy, then he is disabled.

[2] David raises five questions related to the ALJ's decision in his papers: (1) whether the ALJ properly evaluated his diagnosis of anxiety, depression, obsessive-compulsive disorder, and autism under the five-step sequential evaluation process; (2) whether David's diagnosis of anxiety, depression, obsessive-compulsive disorder, and autism meets or equals a listed impairment, either as a standalone condition or with other impairments; (3) whether the ALJ's RFC assessment adequately accounted for the functional limitations caused by his diagnosis of anxiety, depression, obsessive-compulsive disorder, and autism, and whether he can perform sustained work activities; (4) whether the ALJ properly evaluated David's credibility when he testified about his symptoms and functional limitations caused by his anxiety, depression, obsessive-compulsive disorder, and autism; and (5) whether the ALJ failed to recognize that his insomnia was a severe impairment and was a significant factor in his inability to work. Because the Court finds that David only properly developed two issues on appeal, and the remaining issues are encompassed

that his statements regarding the intensity and limiting effects of his impairments were not entirely consistent with other evidence in the record; and (2) whether the ALJ erred in finding that his insomnia and other sleep issues were non-severe when the record supported the conclusion that they were severe impairments.

**A. Whether the ALJ Properly Assessed His Subjective Statements and Complaints**

David argues that his anxiety, obsessive-compulsive disorder, and depression render him disabled and unable to work. He takes issue with the ALJ's assessment and argues that sometimes "[f]or people with anxiety, depressive disorder, autism, OCD, panic attacks, and insomnia credibility assessment must account for the fact that symptoms are often activity-dependent and variable rather than constant." ECF No. 13 at 8. The ALJ's focus on his ability to perform certain activities in a self-paced manner at home does not necessarily translate to the ability to work full-time when he testified that he is unable to perform those same activities at the pace and persistence required in competitive employment. *Id.*

To argue in favor of affirmance on this ground, the Commissioner points to the ALJ's decision itself to argue that it thoroughly discussed David's testimony in light of the medical record. ECF No. 15 at 6-7. The ALJ recognized that David was diagnosed with autism spectrum disorder, obsessive-compulsive disorder, and panic disorder, but in his decision, found that David's statements about his limitations resulting from these conditions were not consistent with the medical records and

into those, it will focus on the ALJ's analysis of his credibility and assessment of his sleep issues as non-severe.

other evidence. *Id.* The ALJ cited examples of mental status examinations performed during the relevant period that did not indicate issues with memory, attention, or concentration. He pointed to a treating provider's opinion that there were no mental health reasons that prevented David from working. The ALJ cited a September 2024 record noting that David had normal attention and reasoning, unremarkable affect and mood, normal speech, and intact recent and remote memory. The ALJ then focused on David's self-reported activities such as taking care of his elderly father, working 50 hours per week in early 2024, taking care of himself by preparing meals, driving, personal care, shopping for himself, and engaging with others. The ALJ recognized David has some limitations, but noted that David's testimony about his impairments was not consistent with the overwhelming evidence in the record.

The Court finds that the ALJ's findings concerning subjective symptoms are entitled to deference and were supported by substantial evidence from the transcripts and medical records. *Frustaglia v. Sec'y of Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) (ALJ's subjective-symptom evaluation "is entitled to deference."). The ALJ determined that David's statements at the hearing were generally not supported—at times were inconsistent—with the medical record and so the Court defers to the ALJ's determination on David's credibility.

**B. Whether the ALJ Properly Assessed His Insomnia and Sleep Apnea as Non-Severe**

David asserts that his long history of insomnia is a substantial contributing factor to his inability to be gainfully employed.

The ALJ noted that the medical records show that David was diagnosed with, among other things, primary snoring. He deemed David's sleep issues to be non-severe because the medical evidence did not demonstrate that they have caused any significant functional limitations or showed that they responded to treatment or did not cause any symptoms. Therefore, the ALJ concluded that David provided only one diagnosis, but no supportive medical evidence, to show how his sleep issues limited his physical and mental abilities to work. The Court agrees.

The ALJ noted that David did not allege chronic symptoms or functional limitations related to any sleep issues at the hearing. In his decision, the ALJ considered the outcome of two sleep studies where David was diagnosed with snoring in one and periodic limb movement disorder as well as snoring without sleep apnea in the second. David's treatment notes also reflected that the two sleep studies did not show sleep apnea. The ALJ also noted David was not receiving any active treatments nor was he under ongoing evaluation for either the primary snoring or periodic limb movement disorder. The Court concludes that there was substantial support for the ALJ's finding that David's alleged sleep issues were not severe.

## IV. CONCLUSION

The Court finds that substantial evidence supports the ALJ's decision that David was not disabled. The Court DENIES David M.'s Motion to Reverse (ECF No. 13) and GRANTS the Commissioner's Motion to Affirm (ECF No. 15).

IT IS SO ORDERED.

***/s/John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

September 28, 2026